**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4230**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BARRY MARCEL VAUGHN, a/k/a Dwan Manson, a/k/a DR,

            Plaintiff - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:08-cr-00266-1)

Submitted:  October 28, 2011        Decided:  November 14, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Derrick W. Lefler, GIBSON, LEFLER & ASSOCIATES, Princeton, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Vaughn appeals from his conviction for distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006). After he was found guilty pursuant to a jury verdict, Vaughn filed a motion for a new trial, which the district court denied. On appeal, Vaughn argues that the court erred in denying the motion. Finding no error, we affirm.

Denial of a motion for a new trial is reviewed for an abuse of discretion. United States v. Stokes, 261 F.2d 496, 502 (4th Cir. 2001). Under the Due Process Clause of the Fourteenth Amendment, the Supreme Court has developed "'what might loosely be called the area of constitutionally guaranteed access to evidence.'" California v. Trombetta, 467 U.S. 479, 485 (1984) (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)). The Court has specified that, to the extent the Constitution imposes a duty upon the government to preserve evidence, "that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense" - i.e., evidence that is constitutionally material. Id. at 488-89. To satisfy this standard, evidence must: (1) "possess an exculpatory value that was apparent [to the police] before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489. The mere possibility

2

that lost or destroyed evidence could have been exculpatory is not sufficient to satisfy Trombetta's requirement that the exculpatory value be "apparent" to the police before its loss or destruction, which is required to establish that the police acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 56 n.* (1988).

We conclude that Vaughn fails to establish that the $400 in pre-recorded bills was exculpatory, or that the police acted in bad faith. The record does not support a conclusion that any exculpatory value of keeping the pre-recoded bills was apparent to the police before they followed department procedures and converted the cash into a cashier's check. The evidence was, in fact, inculpatory. To the extent Vaughn argues that the department did not follow procedures to notify him of the forfeiture, it is insufficient to show bad faith and does not effect the motion for a new trial. Instead it may be challenged in a motion attacking the forfeiture.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3